CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 11 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| HERALD WHITED, | ) | Civil Action No. 7:13-cv-00071 |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| BRANDON YATES, | ) | By:   Hon. Michael F. Urbanski |
|     Defendant. | ) |        United States District Judge |

Herald Whited, a Virginia inmate proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names Brandon Yates, a Sheriff's Deputy of Russell County, as the sole defendant. This matter is before the court for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, the court dismisses the Complaint without prejudice for failing to state a claim upon which relief may be granted.

Plaintiff alleges the following information in the Complaint:

> Yates swore warrants for Herald Whited in which he swore he had probable cause to arrest Mr. Whited. When in fact he had no reason whatsoever to take warrants for Mr. Whited except he thought he was driving a car. He said at trial [that] he could not even tell if it was a man or woman. Deputy Yates violated Mr. Whited's constitutional Fourth Amendment rights. His lies have caused Mr. Whited to lose his home, job, etc.

The court must dismiss any action or claim filed by an inmate if it determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for

a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions. . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim."[1] Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). The Fourth Amendment requires that an arrest be made based upon probable cause. See, e.g., U.S. Const. amend. IV; Beck v. Ohio, 379 U.S. 89, 91 (1964). Plaintiff merely concludes that Yates "had no reason" to arrest him, and that conclusion alone is not presently sufficient to state a violation of the Fourth Amendment. See Twombly, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). Accordingly,

---

[1] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, ___, 129 S. Ct. 1937, 1950 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of the complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

plaintiff's Complaint is dismissed without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).[2]

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

**ENTER**: This 8 day of March, 2013.

/s/ Michael F. Urbanski
United States District Judge

---

[2] Plaintiff is advised that any future complaint should adhere to Rules 8 and 10 of the Federal Rules of Civil Procedure, which require "a short and plain statement of the claim showing that the pleader is entitled to relief" to be set out in numbered paragraphs, each limited to a single set of circumstances.

3